UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DESHEILA THOMAS-JANDREW,

                Petitioner,
v.                                                                                          9:21-CV-1293
                                                                                              (MAD/ATB)
SUPERINTENDENT,

                Respondent.
_____

APPEARANCES:                                                                OF COUNSEL:

DESHEILA THOMAS-JANDREW
Petitioner, pro se
20-G-0171
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.     INTRODUCTION**

      Petitioner Desheila Thomas-Jandrew seeks federal habeas relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 4, Letter in Support of Petition.[1]  On December 6, 2021, the Court issued a Decision and Order giving petitioner thirty days to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application.  Dkt. No. 2, Administrative Closure Order.  Petitioner timely remitted the statutory filing fee, and the case was reopened.  See Dkt. No. 3, Letter (indicating the

---

[1] Petitioner's letter was labeled an "Amended Petition". Dkt. No. 4 at 1. However, since the Court is reading both submissions together to determine petitioner's intentions with the present suit, it will be considered a letter in support of the initial petition.

filing fee was forthcoming); Dkt. Entry dated 12/27/21 (indicating the receipt information for the filing fee transaction); Dkt. No. 5, Text Order (reopening case).

## II.    THE PETITION

The present petition is, at best, difficult to decipher. The procedural history surrounding petitioner's underlying criminal conviction is unknown; however, based upon the petition and letter filed in support, it appears that petitioner was on parole when she was criminally charged in St. Lawrence County with accessory liability pursuant to New York Penal Law § 20.00. Pet. at 1; Dkt. No. 4 at 1-2.[2] This resulted in two different consequences: a new criminal charge and a parole violation. Dkt. No. 4 at 2.

Petitioner contends that she was arraigned on the new criminal charge but never received a parole revocation hearing. Pet. at 1; Dkt. No. 4 at 2. Petitioner was provided with counsel for both her criminal and parole proceedings. Pet. at 1. Petitioner, with her counsel, accepted a plea agreement on the new criminal charges which she thought also resolved the parole violation. Dkt. No. 4 at 2. It apparently did not. Pet. at 1-2; Dkt. No. 4 at 3.

Additionally, petitioner was under the impression that the plea agreement provided for a sentence of four years' incarceration with two years' post-release supervision. Pet. at 1; Dkt. No. 4 at 2. Instead, shortly after arriving at the correctional facility, she was informed that her sentence was actually nine years' incarceration with two years' post-release supervision. Pet. at 1-2; Dkt. No. 4 at 2-3.

Petitioner indicated that she filed a motion to vacate pursuant to New York Criminal Procedure Law § 440 ("440 motion") in January of 2021. Pet. at 2. The 440 motion was

---

[2] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

denied on February 19, 2021.  Pet. at 2.  Petitioner seems to indicate that the court is unreasonably delaying in concluding her state court proceedings and is insisting on appointing her counsel, to which she refuses any such offers.  Pet. at 2-3.  However, in petitioner's later letter, she shared that on December 14, 2021, she received a decision on her 440 motion ordering a hearing and appointment of counsel.  Dkt. No. 4 at 1.

While petitioner's filings pose several questions to the Court, it is unclear which claims, specifically, petitioner is advancing.  *See* Dkt. No. 4 at 1, 3.  Liberally construing the submissions, it appears petitioner argues that she is entitled to federal habeas relief because (1) her due process rights were violated by her continued incarceration on her parole violation; (2) the representation petitioner received in connection with her new criminal and parole charges was constitutionally ineffective; (3) her plea agreement should be vacated as the government and court have not complied with its conditions; and (4) petitioner's sentence is unlawful.  Pet. at 2-3; Dkt. No. 4 at 2-5.

### III.    DISCUSSION

#### A.    Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground.  While petitioner sets forth facts and presents sweeping statements of constitutional violations, her petition contains (1) no factual basis regarding the procedural history of her original criminal conviction for which she was on parole or its direct appeal, if any exists, and (2) insufficient facts to determine the time line surrounding (a) petitioner's current alleged unlawful detention, including the date of the plea hearing and sentencing which appears to be

the basis for the present challenge, and (b) any state court challenges thereto, including the date petitioner's 440 motion was filed and any appeals that are pending or have been decided and any related court decisions. This Court will not speculate on the grounds, and supporting facts, being advanced by petitioner, nor the procedural posture of petitioner's state court actions. Each ground she wants to raise in this proceeding, and the facts supporting each ground, must be set forth in the petition itself.

Thus, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order to clarify the factual basis underlying her criminal conviction, parole violation, and present claims.

**B.    Exhaustion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[3]

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision

---

[3] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

"excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).  The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

Here, petitioner failed to provide specific details about her plea hearing and sentencing.  Moreover, petitioner recently indicated that her 440 hearing is ongoing as the court has ordered that a hearing be scheduled and representation be appointed for petitioner.

Dkt. No. 4 at 1. Given petitioner's recent representations, it appears that petitioner's claims have not been fully exhausted because they are still working their way through the state court system. However, much like the contents of petitioner's argument for habeas relief, the Court will not make any assumptions without first giving petitioner an opportunity to clarify.[4]

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order. The Clerk is respectfully directed to provide petitioner with a blank § 2254 habeas petition for this purpose. **Petitioner shall complete every part of the blank petition, including the sections requiring her to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which she was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which she filed any state court proceedings in which she challenged her conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.** If petitioner is asking the Court to equitably toll the limitations period, she must set forth facts establishing a basis for the application of equitable

---

[4] While this does not appear to be the case, it is also important to note that to the extent any of the ongoing proceedings are criminal in nature, this Court cannot intervene. "Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020). Accordingly, in the event there is a pending criminal matter, this Court must abstain. "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas*, 2020 WL 2192716, at *2. Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*

Therefore, if petitioner's criminal action is still pending, she is directed to raise any of her concerns through the proper state court channels and then, subsequently, in a properly filed habeas petition after the completion of her direct appeal and any other collateral challenges which she may wish to make.

tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, she must set forth facts establishing a basis for doing so.  **Petitioner must specify all of the grounds upon which her federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of her original papers into her amended petition by reference.  She must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review her arguments; and it is further

**ORDERED** that the Clerk respectfully serve this Decision and Order on the petitioner in accordance with the Court's Local Rules.

**IT IS SO ORDERED.**

Dated: January 5, 2022
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge